[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17049
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20157-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRACY ANTHONY SCOTT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 11, 2017)

Before TJOFLAT, WILLIAM PRYOR, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Tracy Scott is a federal prisoner serving a 140-month sentence of imprisonment for possessing a controlled substance near a school and possessing a

firearm as a convicted felon.   The district court sentenced Scott as a "career offender" under § 4B1.1 of the United States Sentencing Guidelines because he had two prior convictions for "controlled substance offenses," U.S.S.G. § 4B1.2(b), specifically two prior Florida convictions under Fla. Stat. § 893.13(1). Scott contends that one of these convictions does not qualify as a predicate conviction under the career-offender guideline because, after 2002, § 893.13 allows for a conviction regardless of whether the defendant knew that the substance possessed was an illicit controlled substance.   While conceding that we have rejected this same argument, *see United States v. Smith*, 775 F.3d 1262 (11th Cir. 2014) (holding that § 893.13(1) is a "controlled substance offense" even though it lacks an element of *mens rea*), Scott maintains that *Smith* is in conflict with several Supreme Court decisions and with 28 U.S.C. § 994(h).   Because we remain bound by *Smith*, we affirm Scott's sentence.

We review *de novo* the district court's decision to classify a defendant as a career offender under § 4B1.1.  *United States v. Gibson*, 434 F.3d 1234, 1243 (11th Cir. 2006).   A defendant is a career offender if, among other things, he has at least two prior felony convictions for a "controlled substance offense."   U.S.S.G. § 4B1.1(a).   A "controlled substance offense"

> means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled

2

substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

*Id*. § 4B1.2(b). Under Florida law, the sale, manufacture, or delivery of cocaine, or the possession of cocaine with the intent to sell, manufacture, or deliver it, is a second-degree felony punishable by a prison term of up to 15 years. *See* Fla. Stat. §§ 893.13(1)(a)1, 775.082(3)(d). The Florida legislature has expressly eliminate[d] knowledge of the illicit nature of the controlled substance as an element of controlled substance offenses." *State v. Adkins*, 96 So.3d 412, 415–16 (Fla. 2012).

In *Smith*, we held that a prior conviction under § 893.13(1) is a "controlled substance offense" under U.S.S.G. § 4B1.2(b) even though it lacks an element of *mens rea*. *Smith*, 775 F.3d at 1267–68. Reviewing the plain language of § 4B1.2(b)'s definition of "controlled substance offense," we concluded that no *mens rea* with respect to the illicit nature of the controlled substance was expressed or implied in the definition. *Id.* at 1267. We also found that the presumption in favor of mental culpability and the rule of lenity did not require us to imply an element of *mens rea* in the guideline definition because the text of § 4B1.2(b) was unambiguous. *Id.* ("The presumption in favor of mental culpability and the rule of lenity apply to sentencing enhancements only when the text of the statute or guideline is ambiguous.").

3

*Smith*'s holding squarely forecloses Scott's current challenge to the classification of his Fla. Stat. § 893.13 conviction as a "controlled substance offense" under § 4B1.2(b).  Under our prior-precedent rule, that holding is "binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or this court sitting *en banc*."  *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).  And that holding means that Scott's sentence must be affirmed.

To avoid that outcome, Scott maintains that *Smith* is in conflict with several Supreme Court decisions, but we disagree.  First, he contends that *Smith* conflicts with *Begay v. United States*, 553 U.S. 137 (2008).  But *Smith* was decided in 2014, well after *Begay*.  While *Smith* did not mention *Begay*, "a prior panel precedent cannot be circumvented or ignored on the basis of arguments not made to or considered by the prior panel."  *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015) (quotation marks omitted).  Because there is no "overlooked reason or argument exception to the prior-panel-precedent rule," *Begay* offers Scott no relief from *Smith*.  *Id.*  Nor, in any event, does *Begay*, which addressed the definition of "violent felony" under the Armed Career Criminal Act, "actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel."  *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009).

Second, Scott argues that *Elonis v. United States*, 135 S. Ct. 2001 (2015), and *McFadden v. United States*, 135 S. Ct. 2298 (2015), show that *Smith* erred in holding that *mens rea* is not an implied element of a "controlled substance offense" under U.S.S.G. § 4B1.2.  But these cases do not involve the Sentencing Guidelines at all, much less the definition of a "controlled substance offense" in U.S.S.G. § 4B1.2.    In *McFadden*, the Supreme Court interpreted the language of the Controlled Substance Analogue Act statutes themselves.   135 S. Ct. at 2305. Similarly, while the Supreme Court opined in *Elonis* that the omission of *mens rea* from a criminal statute does not eliminate a *mens rea* requirement, *Elonis* dealt with a different category of criminal offenses and concerned the elements of proof necessary for a conviction.  *See* 135 S. Ct. at 2008–12.  Notably, neither *McFadden* nor *Elonis* dealt with the issue here and in *Smith*, namely the construction of a particular definition in the Sentencing Guidelines in relation to predicate offenses where the prior conviction explicitly did not require a *mens rea* element.

Finally, Scott contends that *Smith* conflicts with the statutory command of 28 U.S.C. § 994(h).   Section 994(h) directs the Commission to assure that defendants who have prior convictions for crimes of violence or for offenses "described in" several federal controlled-substance statutes receive sentences at or near the maximum authorized term.  All of the referenced statutes have an element of *mens rea* as to the illicit nature of the drug.  Scott argues that, if *Smith* is correct

that predicate convictions under § 4B1.2(b)'s definition of "controlled substance offense" do not require an element of *mens rea*, the Commission exceeded its statutory authority under 28 U.S.C. § 994(h) by allowing strict-liability offenses to be considered for purposes of the career-offender guideline.

After Scott filed his brief in this Court, however, we rejected the argument "that a prior conviction under a state statute that does not require knowledge of the illicit nature of the substance cannot qualify as an offense 'described in' the various federal statutes listed in § 994(h)." *United States v. Pridgeon*, 853 F.3d 1192, 1200 (11th Cir.), *petition for cert. filed*, (U.S. July 11, 2017) (No. 17-5135). We explained in *Pridgeon* that § 994(h) does not set out "a specific and exclusive list of predicate crimes that trigger maximal punishment." *Id.*  Rather, "§ 994 establishes a floor for the career offender category, rather than a ceiling." *Id.*  The Commission's more general authority under § 994(a) allows it "to define 'controlled substance offense' to include crimes beyond those listed in § 994(h)." *Id.*  And that authority includes being able to define "controlled substance offense" "in a way that includes offenses lacking an element of *mens rea* regarding the illicit nature of the controlled substance." *Id.* at 1200 & n.3.

In sum, we conclude that *Smith*'s holding remains binding because it has not been overruled or undermined to the point of abrogation. *Archer*, 531 F.3d at 1352.  Under *Smith*, Scott's conviction under Fla. Stat. § 893.13 is a controlled-

substance offense under the Sentencing Guidelines.  *See Smith*, 775 F.3d at 1267–68.  Thus, the district court properly deemed Scott a career offender, and we affirm his sentence.

**AFFIRMED.**